```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JERRY ONEAL, pro se,                        :
                                            :
                        Plaintiff,          :      ORDER OF DISMISSAL
                                            :
           -against-                        :      08-CV-0408 (DLI)(LB)
                                            :
WACHOVIA PERSONAL TRUST,                    :
                                            :
                        Defendant.          :
--------------------------------------------------------x
```

**IRIZARRY, United States District Judge:**

*Pro se* plaintiff Jerry O'Neal—or perhaps Jerry Oneia, the complaint is difficult to read—is a patient at a Florida psychiatric facility.[1] He brings this action against Wachovia Personal Trust, and, possibly, some individuals associated with that institution. Plaintiff's request to proceed *in forma pauperis* is granted, but for the reasons stated below, the action is dismissed.

Plaintiff has filed numerous complaints in this district that have been dismissed as frivolous or for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *See O'Neal v. Nat'l Car Rental Corp., et al.*, No. 06-CV-1153 (CBA) (E.D.N.Y.) (transferred to the Southern District of Florida on Mar. 21, 2006, and dismissed by the Southern District of Florida as frivolous on May 23, 2006 under docket number 06-CV-20811 (CMA) (S.D. Fla.)); *O'Neal v. Wachovia Personal Trust*, No. 05-CV-3547 (DLI) (E.D.N.Y. Aug. 29, 2005) (dismissed pursuant to Rule 8); *O'Neal v. Wells Fargo Bank*, No. 05-CV-1201 (DLI) (E.D.N.Y. March 21, 2005) (dismissed pursuant to Rule 8); *O'Neal v. Chase Manhattan Bank USA & Ltd.*, No. 04-CV-3803 (CBA) (E.D.N.Y. Nov. 1, 2004) (granting defendant's motion to dismiss for failure to

---

[1] The Court takes judicial notice of the fact that plaintiff's mailing address—800 E. Cypress Drive, Pembroke Pines, FL 33025—is the address of South Florida State Hospital, a private facility providing residential mental health services under contract with the Florida Department of Children and Families. *See* http://www.dcf.state.fl.us/institutions.shtml; http://www.thegeogroupinc.com/geocarefacilities.asp?fid=33.

comply with Rule 8). As with his prior complaints, the instant complaint is virtually incomprehensible, and it fails to conform to Rule 8 of the Federal Rules of Civil Procedure, which requires: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Moreover, because the deficiencies in the complaint could not be cured by amendment, the court concludes that it would be futile to grant leave to amend the complaint. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002).

Accordingly, plaintiff's submission is dismissed, *sua sponte*, for failure to conform with Rule 8, and because the action is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Plaintiff was previously warned, in the October 26, 2006 Order issued in Docket No. 06-CV-5557 (DLI), that the further filing of non-meritorious complaints requesting *in forma pauperis* status may result in the issuance of an order barring the acceptance of any future complaints for filing without first obtaining leave of court to do so. *See* 28 U.S.C. § 1651. The court hereby reiterates its warning and cautions plaintiff against filing vexatious lawsuits. *See Malley v. New York City Bd. of Educ.*, 112 F.3d 69, 69 (2d Cir. 1997) (approving of the use of an injunction "where plaintiff abuses the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings") (internal quotation marks and citations omitted).

## Conclusion

For the reasons set forth above, the complaint is dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), and for failure to conform to Rule 8(a) of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  Brooklyn, New York
        February 15, 2008

                                        _____/s/_____
                                        DORA L. IRIZARRY
                                        United States District Judge